**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL DOKTOREZTK,<br><br>             Plaintiff - Appellant,<br><br>   v.<br><br>S. MORALES, Correctional Officer,<br><br>             Defendant - Appellee. | No. 11-55657<br><br>D.C. No. 3:09-cv-01288-JM-WVG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

California state prisoner Michael Doktoreztk appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his safety in connection with an assault by other inmates. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Doktoreztk failed to raise a genuine dispute of material fact as to whether Morales knew of and disregarded an excessive risk to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (claim of deliberate indifference requires showing that "the officer [knew] of and disregard[ed] an excessive risk to inmate . . . safety").

The district court did not abuse its discretion in failing to consider a declaration by another inmate because the inmate lacked personal knowledge of the events at issue. *See Block v. City of Los Angeles*, 253 F.3d 410, 416, 419 (9th Cir. 2001) (reviewing for an abuse of discretion and explaining that a court may consider declarations for purposes of summary judgment only if they are made on personal knowledge and sets out facts that would be admissible in evidence).

**AFFIRMED.**

11-55657